1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# SOUTHERN DISTRICT OF CALIFORNIA

10
11
12

ALBERTO JOSE DEL MURO,
BOP #40467-198,

Plaintiff,

13

14

vs.

15

16

17

FERNANDO A. ARRIOLA, et al.,

18

19

Defendants.

20

21

22

Civil No.    09-2571 JM (WMc)

**ORDER:**

**(1) GRANTING MOTIONS TO PROCEED *IN FORMA PAUPERIS*, IMPOSING NO INITIAL PARTIAL FILING FEE AND GARNISHING BALANCE FROM PRISONER'S TRUST ACCOUNT [Doc. Nos. 2, 4]; AND**

**(2)  SUA SPONTE DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO  28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

        Plaintiff, Alberto Jose De Muro Guerrero, an inmate currently incarcerated at the Metropolitan

23    Correctional Center ("MCC") located in San Diego, California and proceeding pro se, has filed a civil

24    rights action pursuant to 42 U.S.C. § 1983.  Before the Court could conduct the required sua sponte

25    screening pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b), Plaintiff filed a First Amended Complaint

26    ("FAC") which is now the operative pleading.  In addition,  Plaintiff filed two Motions  to Proceed *In*

27    *Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No.  2, 4].

28

**I.      Motions to Proceed IFP [Doc. Nos. 2, 4]**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to prepay the entire fee only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners granted leave to proceed IFP however, remain obligated to pay the entire fee in installments, regardless of whether the action is ultimately dismissed for any reason. *See* 28 U.S.C. § 1915(b)(1) & (2).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past  six  months,  whichever  is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). That institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

The Court finds that Plaintiff has submitted an affidavit which complies with 28 U.S.C. § 1915(a)(1), and that he has attached a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. Plaintiff's trust account statement shows that he has insufficient funds from which to pay filing fees at this time. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered."). Therefore, the Court **GRANTS** Plaintiff's Motions

1    to Proceed IFP [Doc. Nos. 2, 4] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1).

2    However, the entire $350 balance of the filing fees mandated shall be collected and forwarded to the

3    Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

4    **II.      Sua Sponte Screening per 28 U.S.C. § 1915(e)(2) and § 1915A**

5         **A.      Standard**

6         The PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and

7    by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced

8    for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole,

9    probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28

10   U.S.C. §§ 1915(e)(2) and 1915A(b).  Under these provisions, the Court must sua sponte dismiss any IFP

11   or prisoner complaint, or any portion thereof, which is frivolous, malicious, fails to state a claim, or

12   which seeks damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A;

13   *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213

14   F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

15        Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal

16   of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130.  An action is frivolous if it lacks

17   an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  However 28

18   U.S.C. §§ 1915(e)(2) and 1915A now mandate that the court reviewing an IFP or prisoner's suit make

19   and rule on its own motion to dismiss before effecting service of the Complaint by the U.S. Marshal

20   pursuant to Fed.R.Civ.P. 4(c)(2). *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires a district

21   court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v.*

22   *Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing 28 U.S.C. § 1915A).

23        "[W]hen determining whether a complaint states a claim, a court must accept as true all

24   allegations of material fact and must construe those facts in the light most favorable to the plaintiff."

25   *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of

26   Federal Rule of Civil Procedure 12(b)(6)").  In addition, the Court's duty to liberally construe a pro se's

27   pleadings, *see Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988), is

28   "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

**B.    Bivens Action**

While Plaintiff filed this action pursuant to 42 U.S.C. § 1983, he names only Federal actors as Defendants.   Accordingly, the Court will consider Plaintiff's claims to arise under *Bivens v. Six Unknown Named Fed. Narcotics Agents*, 403 U.S. 388 (1971).  *Bivens* established that "compensable injury to a constitutionally protected interest [by federal officials alleged to have acted under color of federal law] could be vindicated by a suit for damages invoking the general federal question jurisdiction of the federal courts [pursuant to 28 U.S.C. § 1331]."  *Butz v. Economou*, 438 U.S. 478, 486 (1978).  "Actions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*."  *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991).

*Bivens* provides that "federal courts have the inherent authority to award damages against federal officials to compensate plaintiffs for violations of their constitutional rights."  *Western Center for Journalism v. Cederquist*, 235 F.3d 1153, 1156 (9th Cir. 2000).  However, a *Bivens* action may only be brought against the responsible federal official in his or her individual capacity.  *Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1988).  *Bivens* does not authorize a suit against the government or its agencies for monetary relief.  *FDIC v. Meyer*, 510 U.S. 471, 486 (1994); *Thomas-Lazear v. FBI*, 851 F.2d 1202, 1207 (9th Cir. 1988); *Daly- Murphy*, 837 F.2d at 355.

**C.    Eighth Amendment - Medical care claims**

In his First Amended Complaint, Plaintiff claims that Defendants have violated his Eighth Amendment rights by "ignoring [Plaintiff's] petition of nose surgery." (FAC at 2.) Plaintiff alleges that he suffers from sleep apnea.  (*Id.* at 4.)

Where a prisoner's Eighth Amendment claim is one of inadequate medical care, the prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  Such a claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need."  *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997).  A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'"  *McGuckin*, 974 F.2d at 1059 (quoting *Estelle*, 429 U.S. at 104).  Indications of a serious

medical need include "the presence of a medical condition that significantly affects an individual's daily activities." *Id*. at 1059-60.  By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Even if Plaintiff has alleged facts sufficient to establish the existence of a serious medical need, he must also allege that each Defendant's response to his need was deliberately indifferent.  *Farmer*, 511 U.S. at 834.  In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with a prescribed course of medical treatment, or it may be shown by the way in which prison medical officials provide necessary care.  *Hutchinson v. United States*, 838 F.2d 390, 393-94 (9th Cir. 1988).  Before it can be said that a prisoner's civil rights have been abridged with regard to medical care, however, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105-06).  *See also Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).

Plaintiff claims that an unidentified Doctor has indicated that he needs surgery for his medical condition.  (*See* FAC at 4.)  However, the documents attached to Plaintiff's First Amended Complaint indicate that prison officials have given him medication and provided him with medical examinations.  (*See* FAC at 33, Response to Administrative Remedy No. 526805-A1).  This document reflects that prison officials and Plaintiff have a difference of opinion with regard to the course of treatment for his medical condition.  None of the documents attached to Plaintiff's First Amended Complaint show any documentation of a recommendation by a Doctor that Plaintiff requires surgery for his condition.  A mere difference of opinion between an inmate and prison medical personnel regarding appropriate medical diagnosis and treatment are not enough to establish a deliberate indifference claim.  *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

Accordingly, Plaintiff's Eighth Amendment medical deliberate indifference claims are **DISMISSED** for failing to state a claim upon which relief can be granted.

**D.    Fourteenth Amendment Equal Protection Claims**

1    Plaintiff alleges that he was discriminated against based on his race in violation of his right to

2    equal protection under the law.  The "Equal Protection Clause of the Fourteenth Amendment commands

3    that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which

4    is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne*

5    *v. Cleburne Living Center, Inc.* 473 U.S. 432, 439 (1985).  In order to state a claim alleging violations

6    of the equal protection clause of the Fourteenth Amendment, Plaintiff must allege facts which

7    demonstrate that he is a member of a protected class.  *See Harris v. McRae*, 448 U.S. 297, 323 (1980)

8    (indigents); *see also City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 440-41 (1985) (listing

9    suspect classes).  In this matter, Plaintiff has sufficiently plead that he is a member of a suspect class

10   but he has failed to plead adequate  facts to demonstrate that Defendants acted with an intent or purpose

11   to discriminate against him based upon his membership in a protected class.  *See Barren v. Harrington*,

12   152 F.3d 1193, 1194 (9th Cir. 1998), *cert. denied*, 525 U.S. 1154 (1999).   Here, Plaintiff only alleges

13   that he "feels" discriminated against because he is Hispanic but he does not allege any specific facts to

14   support this claim.  Thus, the Court finds that Plaintiff's allegations are insufficient to prove invidious

15   discriminatory intent.  *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429

16   U.S. 252, 265 (1977).

17       Accordingly, the Court dismisses Plaintiff's First Amended Complaint for failing to state a claim

18   upon which relief can be granted.  *See* 28 U.S.C. § 1915(e)(2) & § 1915A.  However, Plaintiff will be

19   permitted the opportunity to file an Amended Complaint.

**III.    CONCLUSION AND ORDER**

20

21       Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

22       1.    Plaintiff's Motions to proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. Nos. 2, 4] are

23   **GRANTED**.

24       2.    The Warden of the Metropolitan Correctional Center, or his designee, shall collect from

25   Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly

26   payments from the account in an amount equal to twenty percent (20%) of the preceding month's

27   income and forward payments to the Clerk of the Court each time the amount in the account exceeds

28

1  $10 in accordance with 28 U.S.C. § 1915(b)(2).  ALL PAYMENTS SHALL BE CLEARLY
2  IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3      3.    The Clerk of the Court is directed to serve a copy of this Order on Warden, Metropolitan
4  Correctional Center, 808 Union Street, San Diego, CA 92101.

5      **IT IS FURTHER ORDERED** that:

6      4.    Plaintiff's First Amended Complaint is **DISMISSED** without prejudice pursuant to 28
7  U.S.C. §§ 1915(e)(2)(b)and 1915A(b).  However, Plaintiff is **GRANTED** forty five (45) days leave
8  from the date this Order is "Filed" in which to file a Second Amended Complaint which cures all the
9  deficiencies of pleading noted above.  Plaintiff's Amended Complaint must be complete in itself without
10 reference to the superseded pleading.  *See* S.D. Cal. Civ. L. R. 15.1.  Defendants not named and all
11 claims not re-alleged in the Amended Complaint will be deemed to have been waived.  *See King v.*
12 *Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).  Further, if Plaintiff's Amended Complaint fails to state a
13 claim upon which relief may be granted, it may be dismissed without further leave to amend and
14 may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g).  *See McHenry v. Renne*, 84 F.3d
15 1172, 1177-79 (9th Cir. 1996).

16     **IT IS SO ORDERED**.

18 DATED:  February 5, 2010

Hon. Jeffrey T. Miller
United States District Judge