# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERTO JOSE DEL MURO, BOP #40467-198,<br><br>                              Plaintiff,<br><br>vs.<br><br>FERNANDO A. ARRIOLA, ROBERT E. McFADDEN, HARRELL WATTS, J. VILLANSENOR,<br><br>                              Defendants. | CASE NO. 09cv2571 JM (WMc)<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL [ DOC. NO. 85]** |

On July 16, 2012, Plaintiff, a state prisoner proceeding *pro se*, filed a third motion for appointment of counsel in this civil rights action pursuant to 42 U.S.C. § 1983. [Doc. No. 85.] In his civil rights complaint, Plaintiff alleges deliberate medical indifference under the Eighth Amendment. [Second Amended Complaint, Doc. No. 6.] Plaintiff has filed a renewed motion for appointment of counsel stating in various affidavits filed with the Court that he cannot speak or write well in English, and (2) is unfamiliar with the law. [ECF. Nos. 85, 87, 95, 97, and 99.]

There is no constitutional right to counsel in a civil case. *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). The Court may request an attorney to voluntarily represent a person proceeding *in forma pauperis* who is unable to afford counsel. 28 U.S.C. § 1915(d). However, such a request may only be made under section 1915 in "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991)(citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). A determination of exceptional circumstances requires the Court's consideration of: (1) the likelihood of success on the merits, and (2) the ability of the Plaintiff to state his claims *pro se* in light

of the complexity of the legal issues involved. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997). Neither the need for discovery, nor the fact the *pro se* litigant would be better served with the assistance of counsel require a finding of exceptional circumstances. *Id.* Both of the exceptional circumstances factors must be considered together before reaching a decision and neither is dispositive. *See Rand*, 113 F.3d at 1525; *Terrell*, 935 F.2d at 1017; *Wilborn,* 789 F.2d at 1331.

The Court does not find the required exceptional circumstances exist in the instant case. Plaintiff's likelihood of success in demonstrating deliberate indifference is low in light of the fact that inadequate treatment due to "mere medical malpractice" or even gross negligence, does not amount to a constitutional violation. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990). Moreover, a difference of opinion between the prisoner and his doctors does not constitute deliberate indifference. *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996). In addition, plaintiff has repeatedly demonstrated his ability to adequately present his arguments to the Court. The exceptional circumstances factors do not favor a request for appointment of counsel at this time. Accordingly, Plaintiff's motion for appointment of counsel is **DENIED** without prejudice.

**IT IS SO ORDERED.**

DATED: August 16, 2012

Hon. William McCurine, Jr.
U.S. Magistrate Judge, U.S.District Court