# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERTO JOSE DEL MURO, BOP #40467-198,<br><br>Plaintiff,<br><br>vs.<br><br>FERNANDO A. ARRIOLA, ROBERT E. McFADDEN, HARRELL WATTS, J. VILLANSENOR,<br><br>Defendants. | CASE NO. 09cv2571 JM (WMc)<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL [ DOC. NO. 85]** |

On July 16, 2012, Plaintiff, a state prisoner proceeding *pro se*, filed a third motion for appointment of counsel in this civil rights action pursuant to 42 U.S.C. § 1983. [Doc. No. 85.] In his civil rights complaint, Plaintiff alleges deliberate medical indifference under the Eighth Amendment. [Second Amended Complaint, Doc. No. 6.] Plaintiff has filed a renewed motion for appointment of counsel stating in various affidavits filed with the Court that he cannot speak or write well in English, and (2) is unfamiliar with the law. [ECF. Nos. 85, 87, 95, 97, and 99.]

There is no constitutional right to counsel in a civil case. *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). The Court may request an attorney to voluntarily represent a person proceeding *in forma pauperis* who is unable to afford counsel. 28 U.S.C. § 1915(d). However, such a request may only be made under section 1915 in "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991)(citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). A determination of exceptional circumstances requires the Court's consideration of: (1) the likelihood of success on the merits, and (2) the ability of the Plaintiff to state his claims *pro se* in light

1  of the complexity of the legal issues involved. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir.
2  1997). Neither the need for discovery, nor the fact the *pro se* litigant would be better served with the
3  assistance of counsel require a finding of exceptional circumstances. *Id.* Both of the exceptional
4  circumstances factors must be considered together before reaching a decision and neither is
5  dispositive. *See Rand*, 113 F.3d at 1525; *Terrell*, 935 F.2d at 1017; *Wilborn*, 789 F.2d at 1331.

6  The Court does not find the required exceptional circumstances exist in the instant case.
7  Plaintiff's likelihood of success in demonstrating deliberate indifference is low in light of the fact that
8  inadequate treatment due to "mere medical malpractice" or even gross negligence, does not amount
9  to a constitutional violation. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Wood v. Housewright*, 900
10 F.2d 1332, 1334 (9th Cir. 1990). Moreover, a difference of opinion between the prisoner and his
11 doctors does not constitute deliberate indifference. *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir.
12 1996). In addition, plaintiff has repeatedly demonstrated his ability to adequately present his
13 arguments to the Court. The exceptional circumstances factors do not favor a request for appointment
14 of counsel at this time. Accordingly, Plaintiff's motion for appointment of counsel is **DENIED**
15 without prejudice.

16 **IT IS SO ORDERED.**

17 DATED: August 16, 2012

_____
Hon. William McCurine, Jr.
U.S. Magistrate Judge, U.S.District Court